IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

BRIAN SMITH, an incarcerated
person by and through Tina Smith,
his mother and next friend,

      Plaintiff,

v.

                                     Civil Action No. 2:18-cv-00950

ROANE COUNTY COMMISSION,
MERLIN SHAMBLIN, President
Commissioner, individually and in his
office capacity, MELISSA O'BRIEN,
Commissioner, individually and in her
office capacity, RANDY WHITED,
Commissioner, individually and in his
office capacity,
ROANE COUNTY COMMISSION
d/b/a Roane County Sheriff's Department,
L. TODD COLE, Sheriff of Roane County,
MATT COOPER, Chief Deputy of Roane
County, and JEFF SMITH, Lieutenant of
Roane County Sheriff's Department,
individually and in their official capacities,

      Defendants.

## COMPLAINT

This Complaint, brought pursuant to 42 U.S.C. Section 1983, 1985 & 1988, the Fourth and

Fourteenth Amendments to the United States Constitution, the West Virginia Constitution,

Statutes and common law and arises out of the Defendants' negligent supervision of a holding cell

in which Brian Smith was placed and where he was subjected to unprovoked unjustified and

excessive use of force on the 26th day of May, 2016, in or about the City of Spencer, in Roane

County, West Virginia, within the Southern District of West Virginia.  The unprovoked unjustified and excessive force was the result of defendants negligent for failing to hiring, train and supervising officers assigned to the holding cell in which plaintiff, Brian Smith, was confined and who was shackled at the wrists and ankles and unable to defend himself.  Smith was set upon and beaten by others confined therein by the Defendants' and defendants knew or should have known these persons presented a substantial risk of by harm to Smith and as a result Smith was severely beaten by others in the holding cell who were enabled by the absence of officers hired, trained and supervised by defendants as described herein to provide required protection to Smith.

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 (a)(3) because the claim under 42 U.S.C. §§ 1983, 1998 arises under the laws of the United States.

This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of West Virginia pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

This Court has personal jurisdiction over Defendants because they reside in and conduct business in this District.

Venue is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the Defendants reside and this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

1.      The Plaintiff at all times relevant to this Complaint was a resident of Roane County, West Virginia, within the Southern District.

2.      The Defendant, Roane County Commission, is the government entity established by West Virginia law to operate, manage and supervise the holding cell in question and as well as office of the sheriff and its functions including the holding cell.

3.      Defendants, Merlin Shamblin, Melissa O'Brien and Randy Whited are members of the Roane County Commission, and are sued individually and in their official capacity.

4.      The Defendant, Roane County Sheriff's Department is established by West Virginia law as a law enforcement agency of the County Commission of Roane County, West Virginia and operates within the Roane County Commission.

5.      Defendant L. Todd Cole at all times relevant to this complaint, was the Sheriff of the Roane County Sheriff's Department, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacity.

6.      Defendant Matt Cooper at all times relevant to this complaint, was the Chief Deputy for the Roane County Sheriff's Department, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacity.

7.      Defendant Jeff Smith, at all times relevant to this complaint, was a Lieutenant for the Roane County Sheriff's Department, acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacity.


## FACTS

8.      The Plaintiff incorporates by reference paragraphs 1 through 7, supra.

9.      On or about the 26th day of May, 2016, the Plaintiff was transported from Central Regional Jail to the Roane County Courthouse by Defendants and was shackled at the wrist and ankles as is customary for transport.

10.     While under Defendants' exclusive control, Plaintiff—despite being a special class inmate under the color of law—was placed in a holding cell with the general population at the Courthouse and without removal of the wrist and ankle shackles.  Plaintiff expressed his concern for his safety to Defendants but they ignored his concerns and he was removed to the courtroom for arraignment.

11.     After his arraignment, Plaintiff was again, and wrongly at that, returned to the cell. Defendants purposefully left Plaintiff alone, without supervision or protection, and was still shackled at wrists and ankles, and placed with unshackled prisoners.  These unshackled prisoners began to brutally assault Plaintiff, encouraged by explicit or implicit coercion by Defendants' inaction and lack of supervision to promptly stop the assault.

12.     As a result of Defendants' violation of their duty to provide for protection and safety and for the constitutional rights of the plaintiff within the criminal justice system, Plaintiff suffered severe bodily injury and emotional damage when beaten by those in the holding cell who were not supervised by and where no security was present.

13.     Upon discovery of Plaintiff's severe injuries inflicted upon him as the result of the Defendants' negligent actions of defendants as described herein, plaintiff was immediately transported from the Roane County Court House by Officer Dever to the Emergency Room at Roane General Hospital located in Spencer, West Virginia.  Plaintiff's injuries included a 2.5 cm laceration above his right eye which required 3 4-0 Monosoft sutures; soft tissue injury to his face;

4

multiple hematomas to the head; and cervical spine pain.  Plaintiff also suffered dizziness, blurred vision, headache and neck pain.

## STATE LAW CLAIMS
## COUNT I

14.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 13 of this **COMPLAINT**.

15.     Count I alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia.

16.     The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under Article III, Section 6 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

17.     The actions of defendants Sheriff L. Todd Cole, Chief Deputy Matt Cooper, and Lieutenant Jeff Smith, were done in bad faith, were done maliciously, and were in violation of clearly established law, or in a wanton or reckless manner.

18.     As a proximate result of Defendants' actions, the Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, and suffered otherwise, and is entitled to recover damages for the same.

## COUNT II

19.     Plaintiff incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 18 of this Complaint as if re-stated herein verbatim.

20.     Defendants Roane County Sheriff Cole and the Roane County Commission and the Commissioners joined herein are liable for the acts referred to hereinabove of Defendants

Sheriff L. Todd Cole, Chief Deputy Matt Cooper, and Lieutenant Jeff Smith, which acts were committed within the scope of their employment and/or as an employee of the Roane County Commission and Sheriff and resulted from said defendants negligence in the hiring, training and supervision of their deputies charged with the duty to protect and provide for the safety of plaintiff whom they knew or should have known was shackled and at high risk for his safety.

21.     Furthermore, said defendant, Roane County Commission, has the authority to formulate, implement, and administer the policies, customs, and practices of Defendant Roane County Sheriff and the actions of Defendant Roane County Sheriff's agents and employees represent the official policy of Defendant Roane County Commission and no such policies existed or were established as alleged herein.

22.     Upon information and belief, Defendant Roane County Sheriff and Roane County Commission and Commissioners negligently failed to promulgate, promote, implemented, formulated, and/or enforce policies, customs, and/or practices to protect the constitutional rights guaranteed to the Plaintiff under Article III, Sections 1, 5, 10, and 14 of the West Virginia Constitution and/or alternatively failed to enforce same to protect the safety of the plaintiff.

23.     As a proximate result of Defendants' actions, the Plaintiff is entitled to recover damages including, but not limited, to the following:

A.     Physical pain and suffering;

B.     Emotional pain and suffering;

C.     Past, present and future medical treatment and cost thereof;

D.     Embarrassment, humiliation, annoyance, inconvenience; and

E.     Attorney fees and costs.

24.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional injury, incurred medical expenses, pain suffering, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the same.

## COUNT III

25.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 24 of this **COMPLAINT**.

26.     The actions of Defendants were unnecessary, against protocol, reprehensible, fraudulent, willful and wanton, malicious, and in blatant and intentional disregard of the Plaintiff's rights, thereby justifying an award of punitive damages.

27.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional injury, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the same.

## COUNT IV

28.     Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 27 of this **COMPLAINT**, as if restated verbatim herein.

29.     The actions of the Defendants individually and in their official capacity Sheriff L. Todd Cole, Chief Deputy Matt Cooper, and Lieutenant Jeff Smith, constitute battery upon the Plaintiff and is actionable *per se.*

30.     As a proximate result of Defendants' actions, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the same.

## COUNT V

31.    Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 30 of this **COMPLAINT**, as if restated herein verbatim.

32.    The actions of individual defendants, individually and in their official capacity as aforesaid were outrageous, constitute the intentional infliction of mental, physical and emotional distress, were reprehensible, fraudulent, willful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

33.    As a proximate result of the actions of individual Defendants, individually and in their official capacity, Plaintiff sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, and suffered otherwise, and is entitled to recover damages for the causes of action complained of herein against the Defendants Roane County Sheriff and Roane County Commission individually and in their official capacity and the individual defendants in their individual official capacities.  Plaintiff seeks only to recover to the extent said defendants are covered by liability insurance, except as to the individual defendants in their individual capacity and do not seek to recover taxpayer payments.

## FEDERAL LAW CLAIM
## COGNIZABLE UNDER 42 U.S.C. 1983

34.    The Plaintiff incorporates by reference paragraphs 1 through 33 above.

35.    No objectively reasonable police officer, County Commission, Sheriff or law enforcement employee would have believed, based upon the actual facts of the case, that the defendants failure to segregate, guard and protect the safety of plaintiff as a shackled person and with the information known to others who were not shackled in the holding cell who engaged,

resulting in the beating of the Plaintiff was reasonable and in good faith and that plaintiff alone and shackled without protection was not a risk to be beaten by those not shackled occupying without supervision the same holding cell.

36.     Said defendants' actions were under color or law and were objectively unreasonable, unlawful, unwarranted, and in violation of the said Plaintiff's clearly-established procedural and substantive rights, of which a reasonable police officer should have known, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and its counterparts in the West Virginia Constitution.  Said Defendants' actions were willful, wanton, intentional, malicious and done with callous and reckless disregard for the Plaintiff's constitutional rights.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

Damages against Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

a.      Past, present and future medical and medical treatment;

b.      Past, present and future pain and suffering;

c.      Loss of enjoyment of life;

d.      Annoyance, aggravation and inconvenience, embarrassment, and humiliation,

e.      Psychological, emotional distress; and

f.      Any other compensatory damages to be proven at trial;

g.  Punitive damages against the individual defendants in an amount to be determined at trial;

h.  Reasonable attorney fees and costs;

i.  Any other relief that this Court deems just and equitable;

j.  All other damages provided by law;

k.  Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiff suffered; and

l.  Declaratory judgment relief establishing the Defendants' above-described conduct violate the Plaintiff's clearly established constitutional rights.


**PLAINTIFF DEMANDS A TRIAL BY JURY.**


                                              **BRIAN SMITH, an incarcerated**
                                              **person by and through Tina Smith,**
                                              **his mother and next friend,**
                                              **By Counsel**


/s/ *Guy R. Bucci*
Guy R. Bucci, Esquire (WVSB # 0521)
Eric R. Arnold, Esquire (WVSB # 12515)
HENDRICKSON & LONG PLLC
P. O. Box 11070
Charleston, WV  25339
(304) 346-5500
gbucci@handl.com
earnold@handl.com

10